UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| FRANCIS WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION FILE |
| v. | ) | NO._____ |
| | ) | |
| AIRGAS USA LLC. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendant. | ) | |

# COMPLAINT

Plaintiff Francis Williams ("Plaintiff" or "Mr. Williams") submits the following Complaint for damages under the Americans with Disabilities Act of 1990 ("ADA") as amended and under the Family Medical Leave Act, 29 U.S.C. § 2601 *et seq*. (the "FMLA") against Defendant Airgas USA LLC. ("Defendant" or "Airgas").

## JURISDICTION AND VENUE

1. This action is for ADA discrimination and retaliation as well as FMLA interference and retaliation. Plaintiff seeks declaratory and injunctive relief, back pay, front pay, compensatory damages, punitive damages, liquidated damages and attorney's fees and costs.

1.

2. This Court has jurisdiction over the present matter pursuant to 28 U.S.C. § 1331.

3. Venue is appropriate in this Court as, upon information and belief, the events complained of herein occurred within the geographic boundaries of the U.S. District Court for the Northern District of Georgia, and all parties to this action reside within the geographic boundaries of the United States District Court for the Northern District of Georgia. Venue is proper pursuant to 28 U.S.C. § 1391 (b) and (c).

## PARTIES

4. Plaintiff is a former employee of Airgas.

5. Airgas is a domestic for-profit corporation registered to conduct business in the state of Georgia.

6. Airgas may be served through its registered agent:

| | |
|---|---|
| Registered Agent Name: | **C T Corporation System** |
| Physical Address: | **289 S Culver St. Lawrenceville, GA, 30046-4805** |
| County: | **Gwinnett** |

if service of process is not waived.

7. This Court has personal jurisdiction over Defendant.

## JURISDICTION AND VENUE

8. Mr. Williams' ADA and FMLA claims present federal questions over which this Court has jurisdiction under 28 U.S.C. §§ 1331 *et seq.*, and this Court has supplemental jurisdiction over this matter pursuant to 28 U.S.C. § 1367.

9. This Court is an appropriate venue for all of Mr. Williams' claims under 28 U.S.C. § 1391(b) and (c) because all the parties reside within the Northern District of Georgia, and many events giving rise to Mr. Williams' claims occurred in this judicial district.

## ADMINISTRATIVE PROCEEDINGS

10. On March 2, 2021, Mr. Williams timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") against Airgas. Attached hereto and incorporated herein is **Exhibit A**.

11. On July 12, 2022, the EEOC issued Mr. Williams his notice of right to sue. Attached hereto and incorporated herein is **Exhibit B**.

12. Plaintiff has exhausted his administrative remedies prerequisite to the filing of this suit pursuant to the ADA.

13. Suit has been filed within 90 days of Plaintiff's receipt of his notice of right to sue.

## STATEMENT OF FACTS

14. Airgas is a large private, for-profit distributor specializing in the distribution of industrial, medical, and specialty gases as well as a product line of safety products, welding equipment, specialty tools, and MRO products.

15. During all time periods relevant to this lawsuit, the Defendant employed more than one thousand (1,000) employees for each working day during each of twenty (20) or more calendar weeks while Mr. Williams was employed.

16. Defendant is an entity covered by the ADA.

17. At the time of his leave, Mr. Williams was an "eligible employee" within the meaning of the FMLA, 29 U.S.C. § 2601 *et seq*. in that he had been employed with Defendant for more than 12 months and worked more than 1,250 hours in the 12 months preceding his serious health condition.

18. Airgas is an "employer" within the meaning of the FMLA, 29 U.S.C. § 2601 *et seq*. and the ADA, 42 U.S.C. § 12101 *et seq.*, as amended.

19. Airgas had more than 50 employees within a 75-mile radius of the location in which Mr. Williams was employed in each of 20 or more consecutive calendar weeks in 2019 and 2020.

20. Plaintiff began working for Airgas on July 7, 2016.

21. Plaintiff was a hazmat delivery driver for Defendant.

22. Plaintiff was a good employee for many years while working for Defendant.

23. Plaintiff suffered a severe back injury (hereinafter his "Disability").

24. Plaintiff's Disability constitutes a chronic condition disability as defined by the ADA.

25. Further, Defendant perceived Plaintiff as having a disability.

26. Plaintiff's Disability also constitutes a serious health condition as defined by the FMLA.

27. Airgas was aware of Plaintiff's Disability.

28. On or about July, 2020, Plaintiff had to go out on FMLA leave.

29. During his leave, Plaintiff repeatedly provided Defendant paperwork from his doctors.

30. On or about July 27, 2020, Plaintiff's employment was terminated by Defendant.

31. Defendant terminated Plaintiff due to the accommodations he required in violation of the ADA and in retaliation for his use of the FMLA.

32. Plaintiff was discharged by Airgas in violation of the ADA and the FMLA.

## COUNT I

## VIOLATION OF ADA

33. Plaintiff incorporates by refence each and every preceding paragraph of this Complaint.

34. Plaintiff has a disability as defined by the ADA.

35. As detailed above, Plaintiff notified Defendant of his disability and his need for accommodation.

36. However, as detailed above, instead of accommodating the Plaintiff, Defendant looked for a way to get rid of him.

37. As a direct and proximate result of Defendant's intentional discrimination, Plaintiff has suffered lost compensation and other benefits of employment, significantly diminished employment opportunities, emotional distress consisting of, but not limited to, outrage, shock, and humiliation, inconvenience, loss of income, and other indignities.

## COUNT II

## RETALIATION

38. Plaintiff hereby incorporates each and every preceding paragraph as if set forth fully herein.

39. Plaintiff engaged in protected activity under the ADA.

40. Rather than accommodate Plaintiff as required by the ADA, Defendant refused reasonable accommodations and retaliated against Plaintiff

41. Specifically, Plaintiff was retaliated against (1) when his reasonable accommodations were denied, (2) when he was treated differently than his co-workers seeking light duty, and (3) when he was terminated.

42. Defendant's actions constitute unlawful retaliation in violation of the ADA, as amended.

43. Defendant willfully and wantonly disregarded Plaintiff's rights, and Defendant's retaliation against Plaintiff was undertaken intentionally and in bad faith.

44. As a result of Defendant's unlawful actions, Plaintiff has suffered lost compensation and other benefits of employment, significantly diminished employment opportunities, emotional distress consisting of, but not limited to, outrage, shock, and humiliation, inconvenience, loss of income, and other indignities.

## COUNT III

### RETALIATION FOR EXERCISE OF FMLA RIGHTS

45. Mr. Williams incorporates by reference the preceding Paragraphs as if fully restated herein.

46. Mr. Williams was an eligible employee with a serious health condition as that term is defined by the FMLA and the accompanying regulations.

47. At all times relevant to this action, Defendant had more than 50 employees in twenty (20) or more workweeks in 2019 and 2020 and was engaged in commerce or was part of an industry affecting commerce, making it an "eligible employer" as defined by the FMLA, 29 U.S.C. § 2611(40(A).

48. Plaintiff timely notified Defendant of his serious medical condition.

49. Plaintiff used FMLA leave.

50. As a result of Plaintiff's use of FMLA, Defendant retaliated against him.

51. Specifically, Plaintiff was retaliated against (1) when his reasonable accommodations were denied, (2) when he was treated differently than his co-workers seeking light duty, and (3) when he was terminated.

52. Defendant's actions in retaliating against Mr. Williams for exercising his rights under the FMLA were committed with reckless disregard for Mr. Williams' right to be free from discriminatory treatment because of the exercise of his rights under the FMLA, specifically 29 U.S.C. § 2615(a)(1)(2).

53. The effect of Defendant's actions has been to deprive Mr. Williams of a job as well as income in the form of wages, health insurance, prospective retirement benefits, social security, and other benefits due solely because of his exercise of his rights under the FMLA.

54. As a result, Mr. Williams is entitled to both equitable and monetary relief for Defendant's violation of the FMLA, specifically 29 U.S.C. § 2617(a)(1)(A) and (B).

55. Mr. Williams is further entitled to liquidated damages for Defendant's willful violation of his rights under the FMLA, 29 U.S.C. § 2617(a)(1)(A)(iii).

**WHEREFORE**, Plaintiff demands a trial by jury and for the following relief:

(a) a declaratory judgment that Defendant has engaged in unlawful employment practices in violation of the ADA and the FMLA, as amended;

(b) an injunction prohibiting Defendant from engaging in unlawful employment practices in violation of the ADA and/or the FMLA;

(c) full back pay from the date of Plaintiff's termination, taking into account all raises to which Plaintiff would have been entitled but for his unlawful termination and all fringe and pension benefits of employment, with prejudgment interest thereon;

(d) front pay to compensate Plaintiff for lost future wages, benefits, and pension;

(e) liquidated damages and compensatory damages, in an amount to be determined by the enlightened conscience of the jury, for Plaintiff's emotional distress, suffering, inconvenience, mental anguish, loss of enjoyment of life and special damages;

(f) punitive damages in an amount to be determined by the enlightened conscious of the jury to be sufficient to punish Defendants for its conduct toward Plaintiff and deter it from similar conduct in the future;

(g) reasonable attorney's fees and costs; and

    (h)    nominal damages and any other and further relief as the Court deems just and proper.

Respectfully submitted this 10th day of October, 2022.

                                                                   */s/ J. Stephen Mixon*
                                                                   J. Stephen Mixon
                                                                   Georgia Bar No. 514050
                                                                   steve@mixon-law.com
                                                                   Attorneys for Plaintiff

THE MIXON LAW FIRM
3344 Peachtree RD N.E., Suite 800
Atlanta, Georgia 30326
Telephone: (770) 955-0100